UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JAVIER DUTA, on behalf of himself and all others
similarly situated,

                        Plaintiff,

                  -against-

ECD NY INC. and BARRY MCKENNA,

                        Defendants.
------------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**

**ECF CASE**

      Plaintiff Javier Duta, on behalf of himself and all others similarly situated, by his attorneys, Berke-Weiss & Pechman LLP, complaining of defendants ECD NY Inc. ("ECD") and Barry McKenna (collectively referred to herein as "defendants"), alleges:

## NATURE OF THE ACTION

      1.     This action arises out of defendants' failure to pay overtime pay as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law § 190, *et seq.* ("NYLL"), to non-exempt construction workers who worked for defendants.

      2.     Defendants have systematically ignored the requirements of the FLSA and NYLL. Plaintiff seeks injunctive and declaratory relief against defendants' unlawful actions, compensation for unpaid overtime pay, liquidated damages, pre-judgment and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and the NYLL.

## JURISDICTION

      3.     This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391, as defendants are located in, and a substantial part of the events or omissions giving rise to the claims occurred in, the Eastern District of New York.

## THE PARTIES

**Plaintiff**

5. Javier Duta resides in Queens, New York. He worked as an ironworker and welder at ECD from approximately September 2013 to approximately May 2014.

6. Duta was defendants' employee within the meaning of the FLSA and the NYLL.

7. At all times relevant to this action, Duta was an employee engaged in commerce or in the production of goods for commerce on behalf of defendants.

**Defendants**

8. ECD NY Inc. is a New York corporation that owns and operates a construction company under the same name with a corporate office located at 266 Broadway, Suite 402, Brooklyn, New York 11211.

9. Defendant ECD NY Inc. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Defendant has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.

10. Defendant Barry McKenna is an owner of ECD NY Inc., and is sued individually in his capacity as an owner, officer, and/or agent of ECD NY Inc. He exercises sufficient control over ECD's operations to be considered plaintiff's employer under the FLSA and NYLL, and at all times material herein had the authority to hire

and fire employees, and established and exercised authority regarding the pay practices at ECD.

## COLLECTIVE ACTION ALLEGATIONS

11. The claims in this Complaint arising out of the FLSA are brought by plaintiff on behalf of himself and similarly situated persons (*i.e.*, ironworkers, welders, assistants, excavation workers, cement workers, and carpenters) who are current and former employees of defendants since the date three years prior to the filing of this action who elect to opt-in to this action (the "FLSA Collective").

12. The FLSA Collective consists of scores of employees who have been victims of defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime pay and other monies.

13. As part of their regular business practices, defendants have intentionally, willfully, and repeatedly harmed plaintiff and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia*, failing to pay employees overtime pay for all hours worked over forty (40).

14. Defendants have engaged in this unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA.

15. Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damage to plaintiff and the FLSA Collective.

16. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to defendants, are readily identifiable by defendants, and are locatable through defendants' records. These similarly situated

employees should be notified of and allowed to opt in to this action, pursuant to 29 U.S.C. § 216(b).

## ECD'S FAILURE TO PAY OVERTIME WAGES

17. The FLSA and NYLL require that employers pay all employees one and one-half (1½) times their regular rate of pay for all hours in excess of forty (40) during any workweek, unless they are exempt from coverage.

18. Plaintiff and the FLSA Collective are non-exempt employees under the FLSA and NYLL.

19. Plaintiff and the FLSA Collective regularly worked over forty (40) hours in a workweek, but did not receive overtime pay.

20. Throughout Duta's employment, he regularly worked six days a week for approximately sixty-three hours worked per week.

21. Throughout Duta's employment, he was paid an hourly rate of $25 per hour, for all hours worked.

22. ECD has failed to compensate plaintiff and the FLSA Collective at one and one-half (1 ½) times their regular rate of pay for all hours worked in excess of forty (40) per week.

## DEFENDANTS' VIOLATIONS OF THE
## WAGE THEFT PREVENTION ACT

23. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates at the time of hire and also on or before February 1st of each subsequent year of employment, and with an accompanying wage statement each time employees are paid.

24. Defendants paid plaintiff and the members of the FLSA Collective without providing an accurate wage statement listing: the overtime rate or rates of pay; the

number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

25. Plaintiffs and the members of the FLSA Collective were never given a notice, either at the time of hire or on or before February 1st of each subsequent year of employment, as required by Section 195 of the New York Labor Law, containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

## FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

26. Plaintiff repeats and realleges paragraphs 1 through 25 as if fully set forth herein.

27. Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a), and employed plaintiff and the FLSA Collective.

28. Defendants were required to pay plaintiff and the FLSA Collective one and one-half (1½) times the regular rate of pay for all hours they worked in excess of forty (40) hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

29. Defendants failed to pay plaintiff and the FLSA Collective the overtime wages to which they were entitled under the FLSA.

5

30. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay plaintiff and the FLSA Collective overtime wages.

31. Due to defendants' violations of the FLSA, plaintiff and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## SECOND CLAIM
### (New York Labor Law – Unpaid Overtime)

32. Plaintiff repeats and realleges paragraphs 1 through 31 as if fully set forth herein.

33. Defendants are employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations, and employed plaintiff and the FLSA Collective.

34. Under the NYLL and supporting New York State Department of Labor Regulations, defendants were required to pay plaintiff and the FLSA Collective one and one half (1 ½) times the regular rate of pay for all hours they worked in excess of forty (40) hours in a workweek.

35. Defendants failed to pay plaintiff and the FLSA Collective the overtime wages to which they were entitled under the NYLL.

36. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay plaintiff and the FLSA Collective overtime wages.

37. Due to defendants' willful violations of the NYLL, plaintiff and the FLSA Collective are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

## THIRD CLAIM
### (New York Labor Law – Wage Theft Prevention Act)

38. Plaintiffs repeat and reallege paragraphs 1 through 37 as if fully set forth herein.

39. Defendants violated NYLL § 195(1) by failing to furnish plaintiffs and the FLSA Collective, at the time of hiring and on or before February 1st of each subsequent year of employment, with a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

40. Due to defendants' violation of NYLL § 195(1), plaintiffs and members of the FLSA Collective are entitled to recover from defendants liquidated damages of $50.00 per workweek that the violation occurred, up to a maximum of $2,500, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

41. Defendants violated NYLL § 195(3) by failing to furnish plaintiffs and the FLSA Collective with each payment of wages an accurate statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and

the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

42. Due to defendants' violation of NYLL § 195(3), plaintiffs and members of the FLSA Collective entitled to recover from the defendants liquidated damages of $100 per workweek that the violation occurred, up to a maximum of $2,500, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, on behalf of himself and the FLSA Collective, respectfully requests that this Court enter a judgment:

    a. authorizing the issuance of notice at the earliest possible time to all construction workers who were employed by defendants during the three years immediately preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to participate in this lawsuit;

    b. declaring that defendants have violated the overtime pay provisions of the FLSA and the NYLL;

    c. declaring that defendants violated the notice provisions of the Wage Theft Prevention Act;

    d. declaring that defendants' violations of the FLSA and NYLL were willful;

    e. enjoining defendants from future violations of the FLSA and NYLL;

    f. awarding plaintiff and the FLSA Collective damages for unpaid overtime wages;

  g. awarding plaintiffs and the FLSA Collective liquidated damages as a result of defendants' failure to furnish a notice at the time of hiring pursuant to the NYLL;

  h. awarding plaintiff and the FLSA Collective liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA;

  i. awarding plaintiff and the FLSA Collective liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the NYLL;

  j. awarding plaintiff and the FLSA Collective pre-judgment and post-judgment interest under the FLSA and the NYLL;

  k. awarding plaintiff and the FLSA Collective reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

  l. awarding such other and further relief as the Court deems just and proper.

Dated: New York, New York
   October 31, 2014

            BERKE-WEISS & PECHMAN LLP

            By: _____
            Louis Pechman, Esq.
            Roberto Concepción, Jr., Esq.
            488 Madison Avenue - 11th Floor
            New York, New York 10022
            pechman@bwp-law.com
            concepcion@bwp-law.com
            (212) 583-9500
            *Attorneys for Plaintiff*